## BURT & SNOW _vs._ JAMES C. BUTTERWORTH, JUN.

A guaranty "to cover open account or other forms of indebtedness and remain in force until notice to the contrary," the grantor's liability being limited to $250, does not restrict the guarantor's liability to the original terms of credit given upon sales, but includes notes given for the goods sold after the accounts for them had become due prior to the termination of the guaranty.

A. and B. each guaranteed to the extent of $250 all purchases which M. might make from the plaintiffs. When M.'s indebtedness amounted to $440.41, A. terminated his guaranty, whereupon the plaintiffs opened a new account with M. on the credit of B.'s guaranty. Upon M.'s failure, B. paid the amount of his guaranty which the plaintiffs entered upon their books, but did not credit to the new account until several months afterwards. Neither B. nor M. requested to have the money paid by B. applied to the earlier account:

_Held_, that the plaintiffs might properly apply B.'s payment to the new account instead of the earlier one.

DEFENDANT'S petition for a new trial.

This was an action of covenant on a guaranty under seal given by the defendant, which read as follows:

"For and in consideration of one dollar, the receipt of

which I hereby acknowledge, I hereby agree to guarantee all purchases that William U. McQuinn, doing business as a tailor in Providence, may make from Burt & Snow of said Providence. This guarantee to cover open account or other forms of indebtedness and remain in force until notice to the contrary from me in writing. But my liability under this guarantee is not to exceed two hundred and fifty dollars."

Walter A. Peck gave another guaranty exactly like it.

*June* 21, 1895. PER CURIAM. The testimony shows that the plaintiffs sold goods to McQuinn amounting to $440.41 during the continuance of the defendant's guaranty. The guaranty was "to cover open account or other forms of indebtedness" and remain in force until notice to the contrary in writing by the defendant; but his liability under it was not to exceed $250. We think that the construction which the defendant seeks to put upon this guaranty, which limits the defendant's liability to the original term of credit given upon a sale, too restricted. It seems to us a more reasonable view, when it is considered that the guaranty is a continuing guaranty in which the amount for which the guarantor was to be liable is fixed, that the parties contemplated that notes might be given for goods sold after the accounts for them had become due and that the words "other forms of indebtedness" were intended to embrace notes so given. This being so, the defendant was not discharged by the taking of McQuinn's notes for goods sold to him after the accounts for them had become due prior to the termination of the guaranty.

We do not think that the defendant is entitled to have the money paid the plaintiffs by the other guarantor, Peck, applied to the payment of any of the items included in the $440.41. The guaranties, though both given prior to the transactions between the plaintiffs and McQuinn, were wholly distinct and independent of each other. There was no privity between the guarantors. After notice by the defendant to put an end to his guaranty, the plaintiffs opened a new account with McQuinn, on the credit of Peck's guaranty, which continued in force. Soon after the failure of McQuinn, Peck, on March 11, 1889, paid the $250 stipulated in his

guaranty which was entered on the plaintiff's books, but was not in fact credited on the new account till September 10, 1889. The testimony does not show that either McQuinn or Peck asked to have the money applied to the earlier instead of the later account. In the absence of any such appropriation by them we see no reason why it was not competent for the plaintiffs to credit the payment to the new account, notwithstanding their delay to make the entry.

Defendant's petition for new trial denied and dismissed with costs and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*Dexter B. Potter*, for plaintiffs.

*Robert W. Burbank & Charles F. Butterworth*, for defendant.